DAVID N. WOLF (6688)
DOUGLAS CRAPO (13704)
LANCE F. SORENSON (10684)
Assistant Utah Attorneys General
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
lancesorenson@agutah.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HANNAH PAISLEY ZOULEK, a Utah resident; JESSICA CHRISTENSEN, a Utah resident; LU ANN COOPER, a Utah resident; M.C., a Utah resident, by and through her parent, LU ANN COOPER; VAL SNOW, a Utah resident; and UTAH YOUTH ENVIRONMENTAL SOLUTIONS, a Utah association,<br><br>          Plaintiffs,<br><br>v.<br><br>SEAN D. REYES, in his official capacity as Attorney General of Utah, and<br><br>KATHERINE HASS, in her official capacity as Director of the Division of Consumer Protection of the Utah Department of Commerce,<br><br>          Defendants. | **NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No.: 2:24-cv-00031-RJS-CMR<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 7-1(c), Defendants Sean Reyes and Katherine Hass submit this Notice of Supplemental Authority pertaining to two recent decisions of the United States Supreme Court.

## Moody v. NetChoice

On July 1, 2024, the United States Supreme Court issued its opinion in *Moody v. NetChoice*, 603 U.S. --, (2024), 2024 WL 3237685. A copy of the *Moody* decision is attached hereto as Exhibit A.

Plaintiffs assert that "the Act is facially invalid." Pls.' Mot. for Prelim. Inj., ECF No. 37, p. 20. In *Moody*, the Supreme Court vacated decisions of both the Fifth and Eleventh Circuit Courts because those courts failed to "properly consider[] the facial nature of [plaintiff']s challenge." *Moody*, Exhibit A, p. 3. The Court then offered a detailed explanation of the standard that courts must apply when considering facial challenges.

For example, the Court said, "[Plaintiff] chose to litigate these cases as facial challenges, and that decision comes at a cost. For a host of good reasons, courts usually handle constitutional claims case by case, not en masse. See *Washington State Grange* v. *Washington State Republican Party*, 552 U. S. 442, 450–451 (2008). 'Claims of facial invalidity often rest on speculation' about the law's coverage and its future enforcement. *Id.*, at 450. And 'facial challenges threaten to short circuit the democratic process' by preventing duly enacted laws from being implemented in constitutional ways. *Id.*, at 451. This Court has therefore made facial challenges hard to win." *Moody*, Exhibit A, p. 9.

The Court specifically identified the necessary steps for addressing a facial challenge in the context of the First Amendment. "Before a court can do anything else with these facial challenges, it must address that set of issues—in short, must 'determine what [the law] covers.' *Hansen*, 599 U. S., at 770. The next order of business is to decide which of the laws' applications violate the First Amendment, and to measure them against the rest." *Id.* at p. 11. "To decide the facial challenges here, the courts below must explore the laws' full range of applications—the constitutionally impermissible and permissible both—and compare the two sets." *Id.* at p. 12.

1

This supplemental authority is relevant because here, as in *Moody*, Plaintiffs must set forth the full range of the law's application to discuss its constitutional applications weighed against its allegedly unconstitutional applications (which they have not done).

### Free Speech Coalition v. Paxton

On July 2, 2024, the Supreme Court granted a cert petition to consider the Fifth Circuit's decision applying rational basis to an age assurance law in Texas. *See Free Speech Coalition v. Paxton*, -- S. Ct. --, 2024 WL 3259690. That case is likely to be decided during the Court's 2024 Term. Defendants referenced both the Fifth Circuit decision and the Supreme Court's denial of emergency relief on page 30 of their Memo. in Opp. to Plaintiff's Mot. for Prelim. Inj., ECF No. 52.

DATED: July 9, 2024

OFFICE OF THE UTAH ATTORNEY GENERAL

 /s/ *Lance Sorenson*
DAVID WOLF
LANCE SORENSON
Assistant Utah Attorneys General
   *Counsel for Defendants*

2

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2024, I electronically filed the foregoing, **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** by using the Court's electronic filing system which will send a notice of electronic filing to the following:

**Jerome H. Mooney**
Weston Garrou & Mooney
Jerrym@mooneylaw.com

**Adam Sieff**
**Ambika Kumar**
**Chelsea T. Kelly**
**David M. Gossett**
Davis Wright Tremaine, LLP
adamsieff@dwt.com
ambikakumar@dwt.com
davidgossett@dwt.com

**Kelley Bregenzer**
**Robert Corn-Revere**
Foundation for Individual Rights and Expression
bobcornrevere@dwt.com

*Counsel for Plaintiff*

UTAH ATTORNEY GENERAL'S OFFICE

/s/ Seth A. Huxford
SETH A. HUXFORD
Legal Secretary

3