IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HANNAH PAISLEY ZOULEK, a Utah resident; JESSICA CHRISTENSEN, a Utah resident; LU ANN COOPER, a Utah resident; M.C., a Utah resident, by and through her parent, LU ANN COOPER; VAL SNOW, a Utah resident; and UTAH YOUTH ENVIRONMENTAL SOLUTIONS, a Utah association,<br><br>        Plaintiffs,<br><br>v.<br><br>KATHERINE HASS, in her official capacity as Director of the Utah Division of Consumer Protection; and SEAN REYES, in his official capacity as Utah Attorney General,<br><br>        Defendants. | **ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Case No. 2:24-cv-00031-RJS-CMR<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

On July 1, 2024, the United States Supreme Court issued its opinion in *Moody v. NetChoice*, 603 U.S. __, 2024 WL 323685.[1]  The Court vacated the Eleventh and Fifth Circuits' treatment of two lawsuits raising facial First Amendment challenges to recently enacted Florida and Texas laws regulating large internet platforms.[2]  The Court held "neither Court of Appeals properly considered the facial nature" of the challenges because neither sufficiently analyzed "whether 'a substantial number of [the law's] applications [were] unconstitutional, judged in

---

[1] Defendants filed a Notice of Supplemental Authority describing the *Moody* case on July 9, 2024.  *See* ECF 55, *Notice of Supplemental Authority*.

[2] *Moody v. NetChoice*, 603 U.S. __, 2024 WL 3237685, at *5.

relation to the statute's plainly legitimate sweep.'"[3]  The Court also articulated a step-by-step process for courts applying this standard to follow.[4]

In view of this development, and Plaintiffs' decision to present their First Amendment challenge to the Utah Minor Protection in Social Media Act as a facial challenge,[5] the court ORDERS Plaintiffs to provide supplemental briefing on the following questions:

1.    What effect, if any, does the *Moody* decision have on the facial challenges presented in Plaintiffs' Amended Complaint?

2.    What, if any, is the "plainly legitimate sweep" of the Utah Minor Protection in Social Media Act?

The court ORDERS Plaintiffs to respond to these questions within seven (7) days of the entry of this Order.  Plaintiffs' supplemental brief must consist of no more than 10 pages. Defendants may submit a response brief of no more than 10 pages within seven (7) days of Plaintiffs filing their supplemental brief.

DATED this 10th day of July 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[3] *Id.* at *8 (quoting *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595, 615 (2021)) (first alteration in original).

[4] *Id.* at 9–10.

[5] *See* ECF 36, *First Amended Complaint for Declaratory and Injunctive Relief* ¶¶ 70–87; *see also* ECF 37, *Motion for Preliminary Injunction and Memorandum of Law in Support* at 11–12 ("[T]he Act is facially invalid under the overbreadth doctrine.").